IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| MEARS GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:17-cv-02418-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| KIAWAH ISLAND UTILITY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant Kiawah Island Utility's ("KIU") motion to bifurcate, ECF No. 121. This case is set for trial on February 10, 2020. The remaining issue for trial is what, if any, damages plaintiff Mears Group, Inc. ("Mears") suffered as a result of KIU's breach of the parties' contract. Within that issue is the question of whether Mears engaged in faulty workmanship. KIU asks the court to bifurcate the trial into two phases: the first phase focusing on whether Mears engaged in faulty workmanship and the second phase focusing on Mears's damages. KIU explains that this case involves complex issues and argues that bifurcating the trial will break those issues into separate phases that will be more easily digestible by the jury. KIU also argues that if the jury finds that Mears did engage in faulty workmanship, the question of whether Mears was damaged will become moot, meaning that it would be more efficient to address the faulty workmanship issue first. Mears opposes KIU's motion, arguing that trying the faulty workmanship issue first would improperly reverse the order of proof by permitting KIU to present its defense before Mears has presented its case-in-chief. Mears also disagrees on the effect of resolving the faulty workmanship issue first and contends

1

that a finding of faulty workmanship would not moot the question of whether Mears was damaged by KIU's breach.

Pursuant to Rule 42 of the Federal Rules of Civil Procedure, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." "[T]he granting of separate trials is within the sound discretion of the trial judge." Bowie v. Sorrell, 209 F.2d 49, 51 (4th Cir. 1953). "Notwithstanding the broad discretion conferred by Rule 42(b), the party requesting separate trials bears the burden of convincing the court that such an exercise of its discretion will (1) promote greater convenience to the parties, witnesses, jurors, and the court, (2) be conducive to expedition and economy, and (3) not result in undue prejudice to any party." Sentry Select Ins. Co. v. Guess Farm Equip., Inc., 2013 WL 5797742, at *4 (D.S.C. Oct. 25, 2013).

After considering convenience, expedition, and undue prejudice, the court finds that bifurcation is not warranted here. Beginning with convenience, the court acknowledges that this trial involves two complex issues—horizontal directional drilling and builder's risk insurance. KIU focuses on the convenience of separating these two issues to avoid juror confusion. However, as Mears argues, the two issues are intertwined. The main question here is what, if any, are Mears's damages due to KIU's failure to obtain primary builder's risk insurance. Faulty workmanship is KIU's theory as to why Mears was not damaged, but it will be useful to the jury to both understand why faulty workmanship is relevant and how it fits into the context of builder's risk insurance.

The two issues are interrelated, so separating them may not avoid juror confusion but instead result in confusing the jurors even more.

As for expedition, KIU argues that the jury may not need to consider the second issue—Mears's damages—if the jury first finds that Mears engaged in faulty workmanship. KIU explains that if Mears's workmanship is found to be faulty and if the court excludes certain testimony from Steven Coombs ("Coombs") regarding ensuing loss, then the second phase of the trial would not be needed because had KIU obtained primary builder's risk insurance, the damage would not have been covered, meaning that Mears was not damaged by KIU's breach. This argument fails because even if the court excluded Coombs's testimony and the jury found that Mears engaged in faulty workmanship, the jury would still have to determine how that finding affects Mears's damages. In other words, the jury would have to link the finding of faulty workmanship with the effect of that finding on builder's risk insurance coverage. To do so, the jury would have to hear testimony on what builder's risk insurance is, what it normally covers, and whether, had KIU obtained such a policy, Mears's faulty workmanship was covered. KIU's case would certainly be stronger if the jury found that Mears engaged in faulty workmanship and Coombs was not permitted to testify about ensuing loss. But at this point, the court is not convinced that a finding of faulty workmanship combined with the exclusion of Coombs's testimony would completely moot the issue of Mears's damages.

The final factor, undue prejudice, is the most convincing factor that weighs against bifurcation. KIU argues that it would be unduly prejudiced by Mears presenting evidence of its damages before KIU has the opportunity to present its case of faulty

workmanship. That prejudice, KIU argues, would arise from the court instructing the jury at the outset that KIU has been found to have breached the contract with Mears, and such an instruction would paint KIU as the wrongdoer at the start of the case. KIU contends that this prejudice can be avoided by first determining whether Mears engaged in faulty workmanship, which does not require mention of the parties' contract or KIU's breach.

The problem with this argument is that the court has found that KIU is the wrongdoer because the court found that KIU has breached the contract. That fact is not a prejudicial suggestion. It is the posture of this case. Instead, the party who would be unduly prejudiced by bifurcation would be Mears. If the issue of faulty workmanship was tried first, KIU would have the opportunity to present evidence on its defense prior to Mears presenting evidence on its case-in-chief. Flipping the order of proof would be prejudicial to Mears and strongly weighs against bifurcation.

For the foregoing reasons the court **DENIES** the motion to bifurcate.

**AND IT IS SO ORDERED.**

                                                **DAVID C. NORTON**
                                                **UNITED STATES DISTRICT JUDGE**

**January 7, 2020**
**Charleston, South Carolina**